**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) CIVIL ACTION NO. 2:20-CV-231 <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C O M P L A I N T <br> ) |
| SWIFT TECHNICAL SERVICES, LLC D/B/A AIRSWIFT, | ) <br> ) <br> ) JURY TRIAL DEMAND |
| Defendant. | ) |

**NATURE OF THE ACTION**

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Joel Saenz ("Mr. Saenz"), who was adversely affected by such practices. As alleged with greater particularity in paragraphs 13-22 below, the Equal Employment Opportunity Commission ("the Commission") alleges that Swift Technical Services, LLC d/b/a Airswift ("Defendant") discriminated against Joel Saenz in violation of the ADAAA by terminating him because of his disability. The Commission further alleges that the Defendant failed to provide him with a reasonable accommodation needed because of a side effect of his medication. Respondent terminated CP rather than engage in an interactive dialogue as to a reasonable accommodation. Furthermore, the Commission alleges Defendant employed qualification standards or selection criteria that screen out or tend to screen out an individual with a disability.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADAAA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADAAA and is expressly authorized to bring this action by Section 107(a) of the ADAAA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Gregory, Texas and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADAAA, 42 U.S.C. §§ 12111(5) and (7).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADAAA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Joel Saenz filed a Charge of Discrimination (the "Charge") with the Commission alleging violations of the ADAAA.

8. On August 19, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Defendant violated the ADAAA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or about August 25, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least December 2018, Defendant has engaged in unlawful employment practices in violation of Title I of the ADAAA, as amended, 42 U.S.C. §§ 12101 *et seq*. Specifically, the Defendant discriminated against Joel Saenz by failing or refusing to provide him with a reasonable accommodation, and terminating him because of his disabilities, thyroid and prostate cancer, and in the alternative, Gastroesophageal Reflux Disease ("GERD"), in violation of 42 U.S.C. § 12112(a) and (b), as amended.

14. Joel Saenz is a qualified individual with a disability under Sections 3 and 101(8) of the ADAAA, 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, Mr. Saenz has had an impairment of thyroid and prostate cancer, that substantially limit him in the major life activity of the bodily function of normal cell growth. In the alternative, Joel Saenz is a qualified individual

with a disability because at all relevant times, he has had an impairment of GERD that substantially limits him in the major life activities of eating, digestion, and sleeping.

15. Defendant hired Joel Saenz as a Building Superintendent in 2016.

16. Defendant uses random drug screens administered by DISA Global Solutions ("DISA") for employees engaged in safety-sensitive work at the Corpus Christi facility. At the start of his employment, Joel Saenz informed Defendant that he was taking a prescription medication, Protonix (pantoprazole), which may cause a false positive on a drug screen for THC, the primary psychoactive compound in marijuana. Mr. Saenz takes Protonix for GERD, which is caused by his treatment for cancer.

17. On September 18, 2017, Defendant requested that Mr. Saenz take a random urinalysis drug test. On September 22, 2017, an HR Service Consultant for Airswift informed Mr. Saenz that he tested positive for Tetrahydrocannabinol ("THC"). Mr. Saenz told the HR Service Consultant that he takes prescription medication that would cause the false positive result. The HR Service Consultant told Mr. Saenz that he was required to contact the DISA Medical Review Officer to discuss his prescription medication and its effect on the test results. Mr. Saenz then contacted DISA and spoke with a DISA employee who told Mr. Saenz he should provide medical documentation. He said that DISA would offer to retest the same urine sample, using the same test, at Mr. Saenz's expense for approximately $150 to $300. Mr. Saenz told the DISA employee that because of his prescription medication, performing the test again on the same urine sample would produce the same false positive. Instead, Mr. Saenz requested that DISA perform a test using a hair follicle or a blood draw which would more accurately identify his prescription medication, allowing him to pass the drug test and return to work.

18. On September 25, 2017, the HR Service Consultant asked Mr. Saenz if he spoke

with DISA and sent his medical information to them. When Mr. Saenz relayed that DISA had only offered to retest the same sample for a fee, the HR Service Consultant urged Mr. Saenz to immediately submit his medical documentation to DISA. Mr. Saenz then sent a fax to DISA, including information about Protonix from the manufacturer, and a copy of his Protonix prescription. Mr. Saenz also called DISA to ask if there was anything else he needed to do.

19. Mr. Saenz then informed the Airswift HR Service Consultant that he had sent the information to DISA. Despite complying with the instructions, Defendant terminated Mr. Saenz on September 25, 2017.

20. Defendant terminated Mr. Saenz employment because of his disabilities, thyroid and prostate cancer and GERD, in violation of the ADAAA, 42 U.S.C.A. § 12112 (a) and (b).

21. Defendant failed or refused to accommodate Mr. Saenz by failing to allow an alternative form of drug screening in violation of the ADAAA, 42 U.S.C.A. § 12112 (b) (1) (5) (A).

22. Defendant used qualification standards or other selection criteria that screen out or tend to screen out an individual with a disability in violation of the ADAAA, 42 U.S.C.A. § 12112 (b) (1) (6).

23. The effect of the practices complained of in paragraphs 13-22 has been to deprive Mr. Saenz of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability, in violation of Title I of the ADAAA, 42 U.S.C. § 12112.

24. The unlawful employment practices complained of in paragraphs 13-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 13-22 above were done with malice or with reckless indifference to the federally protected rights of Joel Saenz.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing to provide reasonable accommodations; (2) terminating employees based on their disabilities; and (3) engaging in any other employment practice which discriminates on the basis of disability;

B.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in reprisal or retaliation against any person because such person engaged in protected activity under the ADAAA;

C.  Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

D.  Order the Defendant to make whole Joel Saenz, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Joel Saenz;

E.  Order the Defendant to make Joel Saenz whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-22, including but not limited to medical and job search expenses, in amounts to be determined at trial;

  F. Order the Defendant to make whole Joel Saenz by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-22 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

  G. Order the Defendant to pay Joel Saenz punitive damages for its malicious and/or reckless conduct as described in paragraphs 13-22 above, in amounts to be determined at trial;

  H. Grant such further relief as the Court deems necessary and proper in the public interest; and

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        SHARON FAST GUSTAFSON
        General Counsel

        ROBERT CANINO
        Acting Deputy General Counsel

        GWENDOLYN Y. REAMS
        Associate General Counsel

        /s/ Suzanne M. Anderson
        SUZANNE M. ANDERSON
        Acting Regional Attorney
        Texas State Bar No. 14009470

        /s/ Edward Juarez
        EDWARD JUAREZ
        Supervisory Trial Attorney
        Texas Bar No. 24019498

        /s/ Philip Moss
        PHILIP MOSS
        Trial Attorney

        Texas State Bar No. 24074764
        Email: philip.moss@eeoc.gov

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        San Antonio Field Office
        5410 Fredericksburg Rd., Suite 200
        San Antonio, Texas 78229-3555
        Telephone: (210) 640-7570
        Facsimile: (210) 281-7669

        **ATTORNEYS FOR PLAINTIFF**